# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**MARIAN CARR**       *     **CIVIL ACTION NO.  08-0326**

**VERSUS**       *     **JUDGE JAMES**

**SPHERION, ET AL.**       *     **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss for failure to state a claim under Rule 12(b)(6) [doc. # 32] filed by defendant, Spherion Atlantic Enterprises, LLC.  The district court referred the motion to the undersigned magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(B).  For reasons assigned below, it is recommended that defendant's motion to dismiss be DENIED.

## Background

On February 14, 2008, Marian Carr filed the above-captioned suit against defendants, Spherion, Plymouth Tube Company ("Plymouth"), and Travelers Property Casualty Company of America (incorrectly named in the petition as "Travelers Insurance," hereinafter referred to as "Travelers"),[1] in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.  Carr alleged that on May 16, 2007, she severely injured her left hand while working on a rotary straightener machine within the course and scope of her employment at Plymouth.  (Petition, ¶¶ IV-V).  She further alleged that at all times she also worked for Spherion, a "temp" service, which had sent her to the job site at Plymouth.  *Id*. at ¶ I. Despite alleging that her accident was caused by defendants' "negligence," plaintiff further stated that the accident was substantially certain to occur and that it rose to the level of an "intentional act."  (Petition, ¶ V).

---

[1] Travelers is Plymouth's liability carrier.  (Petition, ¶ III).

On March 6, 2008, defendants, Plymouth and Travelers removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. §1332. (Notice of Removal).[2] On May 22 and July 29, 2008, Carr amended her complaint to re-join various Spherion entities and to add several purported manufacturers of the subject machine. *See*, 1st Suppl. & Amend. Compl. [doc. # 25]; 3rd Suppl. & Amend. Compl. [doc. # 63].[3] On June 30, 2008, Spherion Atlantic Enterprises, LLC ("Spherion") filed the instant motion to dismiss for failure to state a claim.[4] Due to the joinder of additional parties in this diversity case, and plaintiff's failure to correctly allege the citizenship of the new entities, the court delayed consideration of the dispositive motion until the parties established subject matter jurisdiction. (*See*, Orders dated July 1 and August 8, 2008). Removing defendants have since cured the deficient jurisdictional allegations;[5] motion briefing is complete; and the matter is before the court.

## 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." "[W]hen the allegations in a complaint, however true,

---

[2] Carr dismissed Spherion without prejudice prior to removal. *See*, February 22, 2008, Motion and Order.

[3] A second supplemental and amending complaint attempted to remedy deficient jurisdictional allegations in response to the court's July 1, 2008, Order.

[4] In her amended complaint, Carr joined Spherion Atlantic Enterprises, LLC, Spherion Atlantic Enterprises, and Spherion Corporation. (1st Suppl. & Amend. Compl. [doc. # 25]). Although Spherion Atlantic Enterprises filed the motion to dismiss, the court has since granted a motion substituting Spherion Atlantic Enterprises LLC for Spherion Atlantic Enterprises and recognizing that all filings on behalf of Spherion Atlantic Enterprises LLC are considered filed by "Spherion Atlantic Enterprises, LLC (improperly named in plaintiff's Petition and First Supplemental and Amending Complaint as Spherion, Spherion Atlantic Enterprises and Spherion Corporation)." (August 15, 2008, Order).

[5] *See*, Amended Notice of Removal.

could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)).  In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.  *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted).  The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S.___, 127 S.Ct. 1955 (2007).  Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.'  This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, ____ F.3d ___, 2008 WL 3891688 (5th Cir. Aug. 25, 2008) (internal citation omitted).

Nonetheless, a 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."  *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982)


### Analysis

In its motion to dismiss, Spherion argues that because it was still Carr's general employer at the time of the accident,[6] Carr's sole remedy against Spherion remained workers' compensation benefits under the Louisiana Workers' Compensation Act ("LWCA"), La. R.S. 23:1021, *et seq*.

---

[6] In her amended complaint, plaintiff alleges that "at all times" she worked for Spherion, a temporary employment service.  (1st Suppl. & Amend. Compl., ¶ 1A).

Indeed, the LWCA provides that *except for intentional acts*, the benefits provided under the workers' compensation scheme are "exclusive of all other rights, remedies, and claims for damages . . ." due to personal injury "arising out of and in the course of [her] employment . . ." La. R.S. 23:1031-1032; *see also*, *Deshotel v. Guichard Operating Co.*, 916 So. 2d 72, 75 (La. 2004) (citation omitted).

Spherion argues that plaintiff's complaint does not include an intentional tort claim. (Def. Reply Memo., pg. 2). However, in her initial complaint, plaintiff alleged that defendants' conduct was such that the accident was substantially certain to occur and that it rose to the level of an "intentional act." (Petition, ¶ V). Although, plaintiff voluntarily dismissed Spherion, she subsequently re-joined Spherion, and re-asserted all prior allegations contained in her initial complaint against Spherion. (Pl. 1st Supp. & Amend. Compl., ¶ 1A). While not a model of clarity, plaintiff's conclusory allegations of intent suffice to state a personal injury cause of action against her employer due to her employer's intentional act under Louisiana law. *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618, 620 (La. 1984).[7] Whether plaintiff will be able to adduce sufficient facts to withstand summary judgment following discovery, remains to be seen.

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim under Rule 12(b)(6) [doc. # 32] filed by defendant, Spherion Atlantic Enterprises, LLC be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten**

---

[7] The *Mayer* court relied upon Louisiana Code of Civil Procedure Article 856 which provides that malice, intent, knowledge, and other conditions of the mind may be alleged generally. *Id.* The Federal Rules of Civil Procedure contains an almost identical provision, Fed.R.Civ.P. 9(b).

Defendant alternatively argues that plaintiff failed to allege that Spherion had garde of the machine. However, plaintiff did allege that defendants failed to properly instruct her on how to use the machine, which is sufficient for an inference of garde for 12(b)(6) purposes. (*See*, Petition, ¶ V).

**(10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day September 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE