# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **MARIAN CARR** | * | **CIVIL ACTION NO. 08-0326** |
| **VERSUS** | * | **JUDGE JAMES** |
| **SPHERION, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for summary judgment [doc. # 109] filed by defendant, Turner Machine Company, Inc. For reasons assigned below, it is recommended that defendant's motion for summary judgment [doc. # 109] be GRANTED.

## Background

On February 14, 2008, Marian Carr filed the above-captioned suit against defendants, Spherion, Plymouth Tube Company ("Plymouth"), and Travelers Property Casualty Company of America (incorrectly named in the petition as "Travelers Insurance") in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. Carr alleged that on May 16, 2007, she severely injured her left hand while working on a rotary straightener machine within the course and scope of her employment at Plymouth. (Petition, ¶¶ IV-V).[1]

On March 6, 2008, defendants Plymouth and Travelers removed the case to federal court

---

[1] She simultaneously worked for Spherion, a "temp" service, which had sent her to the job site at Plymouth. *Id.* at ¶ I.

on the basis of diversity jurisdiction. 28 U.S.C. §1332. (Notice of Removal).[2] On May 22, 2008, Carr amended her complaint to join various Spherion entities and to add several purported manufacturers of the subject machine, including Mackintosh-Hemphill, A Division of E.W. Bliss Company; E.W. Bliss Company; Turner Machine Company; and Turner Machine Company, Inc. *See*, 1st Suppl. & Amend. Compl. [doc. # 25].[3] Carr alleged that the manufacturers breached pertinent provisions of the Louisiana Products Liability Act and that her injuries proximately resulted therefrom. *Id*. On July 28, 2008, Carr amended her complaint for a third time to join defendant, ECOF, Inc. (Pl. 3rd Suppl. & Amend. Compl. [doc. # 63]).[4] Plaintiff alleged that ECOF, Inc. was "the latest acquirer or buyer of all prior defendants who manufactured the machine herein involved in this accident." *Id*.

On December 5, 2008, defendant, Turner Machine Co., Inc. ("Turner, Inc.") filed the instant motion for summary judgment [doc. # 109]. Turner, Inc. contends that it should be dismissed from the suit because it is not a manufacturer (or a successor in interest of the manufacturer) of the rotary straightener machine that caused plaintiff's injury. Turner, Inc. further alleges that its only connection to the machine was that in March 2003 it re-profiled a set of rolls from the machine, but that the repair did not cause plaintiff's accident. Briefing is now complete; the matter is before the court.

---

[2] Carr dismissed Spherion without prejudice prior to removal. *See*, February 22, 2008, Motion and Order.

[3] Plaintiff subsequently dismissed the Spherion entities. (*See*, August 15, 2008, Order [doc. # 76]; December 2, 2008, Judgment [doc. # 108]).

[4] A second supplemental and amending complaint attempted to remedy deficient jurisdictional allegations in response to the court's July 1, 2008, Order.

## Rule 56 Standard

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts."

*Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### Analysis

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211(1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). The parties in this matter implicitly agree that the disputed issues are governed by the substantive law of Louisiana.[5] *See, In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled), *cert. denied sub nom. Xavier University of Louisiana v. Travelers Cas. Property Co. of America*, ___ U.S. ___, 128 S.Ct. 1230 (Feb 19, 2008); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).[6]

### I. Manufacturer Liability under the LPLA

The Louisiana Products Liability Act ("LPLA") provides "the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover

---

[5] Turner, Inc. analyzed plaintiff's claims pursuant to Louisiana law. Plaintiff invoked Louisiana law in her complaint. *See*, 1st Suppl. & Amend. Compl. [doc. # 25]

[6] In *Jefferson*, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F. Supp. 241 (E.D. La. May 31, 1996) (J. Vance)

from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]." La. R. S. 9:2800.52. The LPLA defines "manufacturer" as a,

> (1) . . . person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. "Manufacturer" also means:
>
> (a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.
>
> (b) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.
>
> (c) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.
>
> (d) A seller of a product of an alien manufacturer . . .

La. R.S. 9:2800.53(1)(a)-(d).

Turner, Inc. contends that it is not a "manufacturer" of the machine for purposes of the LPLA. In support of its motion, Turner, Inc. submitted an affidavit from its president, Roy Arthur Page, stating that Turner, Inc. did not "design, formulate, produce, create, make, construct, assemble or rebuild the machine at issue in this case." (Affidavit of Roy Page; Def. Exh. C). According to Page, the original "'Turner Machine Company' subcontracted the manufacture of tube straightening machines for the E.W. Bliss Company under its 'Mackintosh-Hemphill' line in the early 80's." *Id*. In 1985, "Turner Machine Company" acquired the Mackintosh-Hemphill product line, and in turn, the Electric Furnace Company, now ECOF, Inc., acquired "Turner Machine Company." *Id*. On February 10, 2003, "Turner Machine Company" changed its name to "XTM, Inc." *Id*. However, XTM, Inc. ceased to exist on or about September 30, 2005, when it merged with ECOF, Inc. *Id*.

In contrast, the firm now known as "Turner Machine Company, Inc." was incorporated on

February 26, 2003, as Turmacco, Inc. *Id*. On, or about March 31, 2003, Turmacco, Inc. purchased some assets of XTM, Inc., including the right to use the name "Turner Machine Company." *Id*.; Asset Purchase Agreement between Turmacco and XTM, Def. Exh. C1. However, Turmacco, Inc.'s asset purchase "did not include an assumption of any of XTM, Inc.'s, liabilities, or potential liabilities for any injuries or damages resulting from machines manufactured by Turner Machine Company or any affiliate that could have manufactured the machine at issue in this case." *Id*. On June 27, 2003, Turmacco changed its name to "Turner Machine Company," which then became "Turner Machine Company, Inc." on, or about May 31, 2006. *Id*.

In response to Turner, Inc.'s motion, plaintiff did not adduce any evidence or advance any argument to establish that Turner, Inc. is a manufacturer under the LPLA. Instead, plaintiff stated that she "cannot possibly oppose this Motion at this time until further discovery has been conducted." (Pl. Opp. Memo., pg. 1). She added that she had recently joined another defendant, ECOF, Inc. which may have evidence or cause to oppose Turner, Inc.'s motion. *Id*.

Under Rule 56(f), the district court is authorized to deny or continue a motion for summary judgment when a "party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(f). To obtain relief under Rule 56(f), the party must demonstrate: "(1) why [it] needs additional discovery and (2) how that discovery will create a genuine issue of material fact. A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006) (citations and

internal quotation marks omitted). Although Rule 56(f) motions should be liberally granted, a party who has not diligently pursued discovery is not entitled to relief thereunder. *Beattie v. Madison County School Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

In this case, plaintiff's counsel submitted an affidavit wherein he affirmed in conclusory fashion his need to conduct further discovery. (Rebennack Affidavit [doc. # 131]). However, plaintiff has been aware since July 31, 2008, that Turner, Inc.'s position was that it was neither the manufacturer of the straightener machine, nor a successor corporation to the other named defendants in this case. (Answer [doc. # 64]). Moreover, Turner, Inc. provided plaintiff with a detailed explanation of the history of the defendant corporations in its responses to plaintiff's October 22, 2008, discovery requests. (Def. Reply Memo., pg. 2 [doc. # 129]). The discovery deadline subsequently lapsed on December 4, 2008, (the day before Turner, Inc. filed the instant motion) without any attempt by plaintiff to extend the deadline. Certainly, if plaintiff still harbored reasonable doubts about Turner, Inc.'s role in this matter after receipt of Turner, Inc.'s discovery responses, she would have sought to extend the discovery deadline. Plaintiff now contends that defendant, ECOF, Inc., *may* possess evidence to rebut Turner, Inc.'s motion. However, ECOF, Inc., recently answered the complaint, but did not reveal any intention or basis to contest the instant motion. (Answer [doc. # 132]).

Under the circumstances, the undersigned finds that plaintiff has failed to demonstrate that additional discovery will create a genuine issue of material fact, or that she has diligently pursued discovery. Accordingly, she is not entitled to relief under Rule 56(f). *See Adams, supra* (and cases cited therein).

Once a movant has submitted evidence, or pointed to an absence of evidence, as to a

7

matter on which the non-movant would bear the burden of proof at trial, the onus shifts to the non-movant to demonstrate by competent summary judgment proof that there is an issue of material fact warranting trial. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). In response to defendant's showing, plaintiff has not adduced any evidence or advanced any argument tending to establish that Turner, Inc. was a manufacturer under the LPLA. Accordingly, Turner, Inc. is entitled to judgment as a matter of law dismissing plaintiff's LPLA claim.

**II. Liability for Repairs**

Since Turner, Inc. is not a manufacturer within the scope of the LPLA, its potential liability in this case must be addressed under ordinary tort principles. *Ennes v. Cottrell, Inc.*, 68 F. Supp.2d 747, 750 (W.D. La. 1999).[7] In Louisiana, the customary sources for delictual liability are found in Civil Code Articles 2315 and 2317. Under either article, plaintiff's burden of proof is now the same.[8] To determine whether a plaintiff may recover on a negligence claim, Louisiana courts employ a duty-risk analysis. *Long v. State ex rel. Dept. of Transp. and Development*,

---

[7] *Contrast, Smith v. Premier Ford Lincoln Mercury, L.L.C.*, 2005 WL 2563177 (W.D. La. Oct. 11, 2005) (analyzed seller's liability for negligent repairs under LPLA).
 It is not clear that plaintiff asserted a separate claim for negligence against Turner, Inc. Nonetheless, due to the lack of prejudice to the parties, the court will liberally construe plaintiff's factual allegations to state such a claim.

[8] *See*, *Dupree v. City of New Orleans*, 765 So. 2d 1002, 1007 n.5 (La. 2000). Civil Code Article 2317.1, enacted in 1996, "abolished the concept of strict liability" that existed in Louisiana under the pre-1996 version of Article 2317. *Broussard v. Voorhies*, 970 So. 2d 1038, 1042 (La. App. 1st Cir. 2007), *writ denied*, 970 So.2d 535 (La. 2007). Before the 1996 amendments, the "sole distinction between the burden of proof necessary to recover under a negligent action . . . versus a strict liability action . . . was . . . proving the defendant's scienter." *Lasyone v. Kan. City S. R.R.*, 786 So. 2d 682, 689 n.9 (La. 2001); *Dupree, supra*. Article 2317.1 "eliminated that distinction." *Lasyone*, 786 So. 2d at 689 n.9; *Dupree*, 765 So. 2d at 1007 n.5. .

916 So.2d 87, 101 (La. 2005) (citation omitted). Under the duty-risk analysis, plaintiff must establish five elements:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).

*Id*.

In support of its motion, Turner, Inc. provided evidence showing that its only connection to the subject machine occurred in April 2003 when it performed repair or maintenance work on a component part of the machine. (Page Affidavit, Def. Exh. C). On that occasion, Plymouth shipped "a set of rolls" from the machine to Turner, Inc. for re-profiling. *Id*.[9] Turner, Inc. completed the re-profiling and returned the rolls to Plymouth, without complaint. *Id*.

While it is perhaps self-evident that a repairer owes a duty of reasonable care in the performance of a maintenance contract,[10] plaintiff does not allege or argue that the repairs performed by Turner, Inc. were deficient or substandard. Moreover, Turner, Inc. adduced evidence that its maintenance work was not related to any of the machine's safety features, or lack thereof. (Page Affidavit, Def. Exh. C). In other words, even if the repair work was substandard, it was not a cause-in-fact of plaintiff's injury.

---

[9] "Rolls" are convex tracks that guide the tube through the machine. *Id*. The convexity of the rolls must match the radius of the tubes to maintain the straightening efficiency of the machine. *Id*. Over the years, the rolls will wear and lose their proper dimension or "profile." *Id*. Hence, the need for periodic re-profiling. *Id*.

[10] *See e.g., King v. Home Depot U.S.A., Inc.*, 729 So.2d 1149, 1152 (La. App. 1st Cir. 1999).

In response to defendant's showing, plaintiff has not proffered any argument or adduced any evidence to establish the requisite elements of a negligence claim against Turner, Inc. Accordingly, Turner, Inc. is entitled to judgment as a matter of law, dismissing plaintiff's negligence claim. *Whelan v. Winchester Production Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (movant is entitled to judgment as a matter of law when non-movant fails to make showing on element that she bears burden of proof at trial).

For the foregoing reasons, the undersigned finds that there is no genuine issue as to any material fact, and that defendant, Turner Machine Company, Inc. is entitled to judgment as a matter of law dismissing plaintiff's claims in their entirety against said defendant. Fed.R.Civ.P. 56. Therefore,

**IT IS RECOMMENDED** that the motion for summary judgment [doc. # 109] filed by defendant, Turner Machine Company, Inc. be **GRANTED**, and that plaintiff's claims against said defendant be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day January 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE