# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| MARIAN CARR | * | CIVIL ACTION NO. 08-0326 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SPHERION, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for summary judgment [doc. # 167] filed by defendant, ECOF, Inc. For reasons assigned below, it is recommended that defendant's motion for summary judgment [doc. # 167] be DENIED.

## Background

On February 14, 2008, Marian Carr filed the above-captioned suit against defendants, Spherion, Plymouth Tube Company ("Plymouth"), and Travelers Property Casualty Company of America (incorrectly named in the petition as "Travelers Insurance") in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. Carr alleged that on May 16, 2007, she severely injured her left hand while operating a rotary straightener machine during the course and scope of her employment at Plymouth. (Petition, ¶¶ IV-V).[1]

On March 6, 2008, defendants, Plymouth and Travelers, removed the case to federal court

---

[1] She simultaneously worked for Spherion, a "temp" service, which had sent her to the job site at Plymouth. *Id*. at ¶ I.

on the basis of diversity jurisdiction. 28 U.S.C. §1332. (Notice of Removal).[2] On May 16, 2008,[3] Carr amended her complaint to join various Spherion entities and to add several purported manufacturers of the subject machine, including Electric Furnace Co.; Mackintosh-Hemphill, A Division of E.W. Bliss Company; E.W. Bliss Company; Turner Machine Company; and Turner Machine Company, Inc. *See*, 1st Suppl. & Amend. Compl. [doc. # 25].[4] Carr alleged that the manufacturers breached pertinent provisions of the Louisiana Products Liability Act ("LPLA") and that her injuries proximately resulted therefrom. *Id*. On July 28, 2008, Carr amended her complaint for a third time to join defendant, ECOF, Inc. ("ECOF"). (Pl. 3rd Suppl. & Amend. Compl. [doc. # 63]).[5] In addition to reasserting her prior allegations and claims against ECOF, plaintiff further alleged that ECOF was "the latest acquirer or buyer of all prior defendants who manufactured the machine herein involved in this accident." *Id*.

Through motion practice and attrition, all defendants, save ECOF and Electric Furnace Co., have been dismissed from the case. On February 23, 2009, the Clerk of Court issued a notice of intent to dismiss defendant, Electric Furnace Co., due to plaintiff's perceived failure to perfect service against said defendant. (Notice of Intent to Dismiss [doc. # 146]). Plaintiff, who by then was acting pro se, obtained extensions of time until June 22, 2009, to serve said

---

[2] Carr dismissed Spherion without prejudice prior to removal. *See*, February 22, 2008, Motion and Order.

[3] *See* discussion, *infra*.

[4] Plaintiff subsequently dismissed the Spherion entities. (*See*, August 15, 2008, Order [doc. # 76]; December 2, 2008, Judgment [doc. # 108]).

[5] A second supplemental and amending complaint attempted to remedy deficient jurisdictional allegations in response to the court's July 1, 2008, Order.

defendant. [*See* doc. #s 153 & 155]. According to the docket sheet, however, there is an apparent return of service for Electric Furnace Co., indicating that it was served on June 16, 2008. [doc. # 30].[6]

On July 13, 2009, ECOF filed the instant motion for summary judgment on the basis of prescription. [doc. # 167]. The motion is opposed. [doc. # 172]. The matter is now before the court.

## Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v.*

---

[6] *But see*, Motion to Dismiss [doc. # 182].

*Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

## **Analysis**

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211(1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). In diversity cases, federal courts apply state laws on limitations and tolling. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Here, neither side contests that these issues are governed by Louisiana law. *See, In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled), *cert. denied sub nom. Xavier University of Louisiana v. Travelers Cas. Property Co. of America*, ___ U.S. ___

, 128 S.Ct. 1230 (Feb 19, 2008); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).[7] To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court. *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d 264, 269 (5th Cir. 2009) (citation omitted).

## I. Prescription

In Louisiana, delictual actions are subject to a liberative prescription period of one year, running from the day injury or damage is sustained, i.e., from when the cause of action accrues. La. Civ. Code Art. 3492; *Succession of Dancie*, 191 La. 518, 186 So. 14 (La. 1939). The prescription article is strictly construed against prescription and in favor of the obligation sought to be extinguished. *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994). Ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So. 2d 624, 628 (La. 1992). However, when it appears that the claims have prescribed on the face of the complaint, then the plaintiff has the burden of proof to establish facts which would have the effect of interrupting or avoiding prescription. *Martens v. North*, 1998 WL 378137 (E.D. La. 1998); *Wimberly, supra*.

In the instant case, plaintiff's cause of action accrued on, or about May 16, 2007, and thus, absent interruption, the matter prescribed one year later. Under Louisiana law, however, prescription is interrupted when suit is filed in a court of competent jurisdiction. La. Civil Code Art. 3462. Moreover, the filing of a timely lawsuit against one solidary obligor will interrupt prescription as to all solidary obligors and their successors. *See* La. Civil Code Art. 3503;

---

[7] In *Jefferson*, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F. Supp. 241 (E.D. La. May 31, 1996) (J. Vance)

*Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383 (La. 1993); *Lehmann v. GE Global Ins. Holding Corp.*, 524 F.3d 621, 626 (5th Cir. 2008) (successors).[8] So long as an "allegation of solidary liability is pending, the exception of prescription remains premature. However, if there is no solidary liability because the timely filed defendant is ultimately found not liable to plaintiff at all, then the exception should be maintained at that time." *Etienne v. National Auto. Ins. Co.*, 759 So.2d 51, 57 (La. 2000).

In the instant case, plaintiff timely filed her original and amended complaints on February 14, 2008, and May 16, 2008, respectively. [doc. #s 1 & 25].[9] These complaints joined all defendants except ECOF, which was not added until plaintiff filed her third amended complaint some two plus months later on July 28, 2008. [*see* doc. #s 58, 62-63]. ECOF contends that the original and first amended complaints did not interrupt prescription because all other defendants except for Electric Furnace Co., have been dismissed, and Electric Furnace Co. is subject to dismissal due to plaintiff's purported failure to serve said defendant. The argument follows that once Electric Furnace Co. is dismissed, then there is no other defendant solidarily (or jointly) liable with ECOF, and plaintiff's complaint through the first amendment did not interrupt the running of prescription in favor of ECOF.

---

[8] Interruption is also effective against all joint tortfeasors. La. Civil Code Art. 2324C.

[9] Although the amended complaint was not docketed until May 22, it is considered filed as of May 16 – the date that plaintiff sought leave to file the amended pleading. *See* [doc. # 23]; *Bradley v. Armstrong Rubber Co.*, 46 F. Supp.2d 583, 586 (S.D. Miss. 1999) (citing *inter alia*, *Rademaker v. E.D. Flynn Export Co.*, 17 F.2d 15 (5th Cir. 1927)); accord, *Modica v. Hill*, 1999 WL 104423 (E.D. La. Feb. 19, 1999). Also, service need not be perfected within the limitation period. *Hensgens*, 869 F.2d at 881 (citation omitted).

Nonetheless, so long as there is an allegation of solidary liability pending,[10] dismissal on the basis of prescription remains premature. *Etienne, supra*. Moreover, upon closer inspection of the docket sheet, it is apparent that on June 16, 2008, plaintiff *did* perfect service against Electric Furnace Co. via its purported agent for service of process, Michael Ogline,[11] and thus Electric Furnace Co. is *not* subject to dismissal due to lack of service. Recently, however, ECOF has filed a motion to dismiss plaintiff's claims against Electric Furnace Co., on the basis that she did not timely serve Electric Furnace Co. under Rule 4(m). (M/Dismiss [doc. # 182]). ECOF contends that plaintiff's purported service for Electric Furnace Co. upon Michael Ogline was ineffective because Ogline was not Electric Furnace Co.'s registered agent for service of process which ECOF infers from an allegation in plaintiff's Second Supplemental and Amending Complaint that Electric Furnace Company's principal place of business "was in Salem, Ohio," not Alliance, Ohio where Michael Ogline resides. [doc. # 57, Page 8 of 10].[12]

Even if ECOF is permitted to raise this defense on behalf of another entity, it is not clear that dismissal of Electric Furnace Co. is warranted since this is the first *confirmation* that the purported service upon Electric Furnace Co. was imperfect. Plaintiff may be entitled to further her service efforts against Electric Furnace Co., if she has a viable hope of doing so. So long as Electric Furnace Co. remains in the case as a possible solidary or joint obligor with ECOF,

---

[10] Plaintiff alleges that ECOF is jointly and solidarily liable with the other defendants. (3rd Suppl. & Amend. Compl. [doc. # 63]).

[11] [doc. # 30].

[12] ECOF attached to its reply brief uncertified records from the Ohio Secretary of State which purport to establish that Ogline was not the registered agent for service of process for any defendant but Turner Machine Co., Inc. (Def. Exh. A [doc. # 177]).

7

dismissal on the basis of prescription remains premature. *Miller v. One Shell Square*, 619 So.2d 1096, 1098 (La. App. 4th Cir. 1993) (an exception of prescription should not be granted until it has been determined that solidary liability does not exist) (citations omitted).[13]

## II. Does the Amended Complaint "Relate Back?"[14]

Even if plaintiff's amended complaint joining ECOF is ultimately found untimely pursuant to state law provisions on limitations and tolling, the amended complaint may still relate back to the filing of the original complaint under federal procedural law. Fed.R.Civ.P. 15; *see Hensgens*, 869 F.2d at 880.

Under the Federal Rules of Civil Procedure, an amendment changing a party or the name of a party relates back to the date of the original pleading when so permitted under the law that provides the applicable statute of limitations (i.e., Louisiana law in this diversity case), **or** when

1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading;"

2) the party to be brought in by amendment has "received such notice of the action that it will not be prejudiced in defending on the merits;"

---

[13] An original corporation and its successor may be jointly liable for an obligation. *See Wolff v. Shreveport Gas, Electric Light & Power Co.*, 138 La. 743, 70 So. 789 (1916). Plaintiff alleges that ECOF acquired Electric Furnace Co., i.e. that ECOF is a successor corporation. (*See* 3rd Suppl. & Amend. Compl. [doc. # 63]) (ECOF "is the latest acquirer of all prior [defendant manufacturers]"). The purported nexus between Electric Furnace Co. and ECOF ameliorates the specter of a party being able to interrupt prescription by purposely suing an entity no longer thought to be in business. (*See* Pl. 2nd Suppl. & Amend. Compl.); *see also* discussion, *infra*.

[14] Having determined that prescription is currently interrupted, the court need not consider whether the amended complaint joining ECOF "relates back." *Hensgens, supra*. However, because the interruption issue remains fluid, the undersigned will proceed to address whether the amended complaint "relates back" to the filing of the original or amended complaint.

> 3) the party to be brought in by amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity;" and
>
> 4) requirements 2) and 3) are met within the period provided by Rule 4(m) – i.e., within 120 days following the filing of the complaint or longer if good cause is shown.

*See*, Fed.R.Civ.P. 15(c)(1), as amended; *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992); *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 807 n12 (5th Cir. 2006).

Thus, "[i]f the notice requirement is met within the Rule 4(m) . . . period, a complaint may be amended *at any time* to correct a formal defect such as a misnomer or misidentification." FED. R. CIV. P. 15, Advisory Committee Notes (1991 Amendment) (emphasis added).

Under Louisiana law, an amended complaint which changes the identity of a party sued is deemed to relate back to the filing of the original petition under the following circumstances,

> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
>
> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
>
> (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
>
> (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins.*, 434 So.2d 1083, 1086-1087 (La.1983).

At least one Fifth Circuit panel has characterized the federal and Louisiana tests for relating back as "identical." *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 806 -808 (5th Cir. 2006).

However, in *Hensgens v. Deere & Co.*, an earlier Fifth Circuit panel observed that unlike the federal test, the Louisiana Supreme Court in *Ray* did not require prior notice by the new defendant. *Hensgens*, 869 F.2d at 882. In *Findley v. Baton Rouge*, the Louisiana Supreme Court later explained that the newly added defendant need not always receive timely notice of the suit because "when there is an identity of interest between the originally named defendant and the party the plaintiff actually intended to sue, the amendment may relate back, *in the absence of prejudice*, on the basis that institution of the action against one serves to provide notice of the litigation to the other. *Findley v. City of Baton Rouge*, 570 So.2d 1168, 1171 (La.1990) (emphasis added); *see also, Renfroe v. State ex rel. Dept. of Transp. and Development*, 809 So.2d 947 (La. 2002). The court added that the "[s]ufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and other activities, . . ." *Id*.

Subject to the foregoing "distinction" between the two parallel regimes, the court turns to the requisite considerations,

    **1)    Same Conduct, Transaction, or Occurrence (15(c)(1)(B))**

ECOF does not contest that the claims asserted against it in the Third Supplemental and Amending Complaint arose out of the same accident set forth in the original complaint. The undersigned so concurs, and further finds an even stronger nexus between the third and first amended complaints. *See* discussion, *infra*.

    **2)    Notice (15(c)(1)(C)(i))**

As an initial matter, the court must consider whether the Third Supplemental and Amending Complaint joining ECOF relates back to the filing of the original complaint or

whether it may relate back to the First Supplemental and Amending Complaint which was timely filed within the one year prescriptive period. On at least one occasion, the Fifth Circuit has stressed that an amended complaint must relate back to the *original* complaint. *Reynolds v. U.S.*, 748 F.2d 291, 293 (5th Cir. 1984). In *Reynolds*, however, there was no prior amended complaint to relate back to, and at the time the original complaint was filed, there was no subject matter jurisdiction. *Id*. Those circumstances are not present here. Moreover, as Rule 15(c)(1)(C)(ii) requires a "mistake concerning the proper party's identity" the Third Supplemental and Amending Complaint must relate back to the First Supplemental and Amending Complaint if at all, because the original complaint contained no products liability allegations against the purported manufacturer of the rotary straightening machine. *See* discussion, *infra*. Accordingly, ECOF needs to have received notice of the suit within the Rule 4(m) period for service of the First Supplemental and Amending Complaint. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (Rule 4(m) period applies to parties added via an amended complaint).

Rule 4(m) authorizes an initial 120 days for plaintiff to perfect service against a defendant before risking dismissal. Fed.R.Civ.P. 4(m). Nonetheless, if a plaintiff is able to establish good cause for failing to serve the defendant within the 120 day initial period, then the court must extend the time for service. *Id*.; *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). Rule 15(c)(1)(C) incorporates Rule 4(m)'s good cause extension. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir.1992). Also, even in the absence of good cause, "the plain language of rule 4(m)" confers the courts with discretionary authority to extend the time for service. *Millan*,

11

*supra*; *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).[15] As this discretionary authority arises from the "plain language of rule 4(m)," then Rule 15(c)(1)(C) must also incorporate this additional period.[16]

The Fifth Circuit has indicated that "[a] discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan, supra* (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993)). If the applicable statute of limitations likely bars future litigation, then a district court has limited discretion to deny an extension of time to perfect service. *See Millan, supra*. Under these circumstances, what would essentially be a dismissal with prejudice is warranted only where there is a "a clear record of delay or contumacious conduct by the plaintiff" or when at least one of three aggravating factors is present, "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan, supra* (citation omitted).

In this case, plaintiff filed her First Supplemental and Amending Complaint on May 16, 2008; thus, the initial 120 day period contemplated by Rule 4(m) expired on September 13, 2008. Plaintiff filed her Third Supplemental and Amending Complaint well within this period, on July

---

[15] The advisory committee's notes to Rule 4(m) state that a court may "relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." FED. R. CIV. P. 4, Advisory Committee Notes (1993 Amendment).

[16] The advisory committee's notes to Rule 15 provide that
> "[i]n allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule . . ."

FED. R. CIV. P. 15, Advisory Committee Notes (1991 Amendment).

28, 2008, and summons were issued for ECOF on August 13, 2008.[17] The summons was addressed to ECOF in Canada. [doc. # 74].[18]

Between August 13 and November 2008, plaintiff's counsel apparently did not succeed in serving ECOF in Canada, and on November 6, 2008, obtained a new summons for ECOF with an agent for service of process in Ohio. [doc. # 90]. Plaintiff perfected service upon ECOF within the next two weeks, on November 17, 2008. [doc. # 106]. On January 9, 2009, ECOF filed its answer to the complaint, as amended. [doc. # 132].[19]

It is not known from the record what became of counsel's efforts to serve ECOF in Canada, or at what point plaintiff's counsel identified a domestic agent for service of process upon ECOF. Indeed, plaintiff's counsel has since withdrawn from the case, and this information is not readily obtainable by plaintiff. What is apparent, however, is that plaintiff's counsel and counsel for the removing defendants all believed that ECOF was (and for all the court knows, still is) a Canadian corporation. (*See* Amend. Notice of Removal [doc. # 77]).[20] It certainly does not appear unreasonable for plaintiff's counsel to have pursued service against ECOF in Canada.

---

[17] The Third Supplemental and Amending Complaint was filed just one week after Turner Machine Co., Inc., one of the alleged manufacturers named in the First Supplemental and Amending Complaint, filed its answer denying that it manufactured the subject rotary straightener machine. (*See* Answer [doc. # 56]).

[18] The Amended Notice of Removal filed by removing defendants also alleged that ECOF was a Canadian corporation with its principal place of business in Canada. (Amend. Notice of Rem. [doc. # 77]). Interestingly, Rule 4(m) does not apply to service in a foreign country. Fed.R.Civ.P. 4(m).

[19] Facially, ECOF's answer was due approximately one month earlier. Fed.R.Civ.P. 12(a).

[20] ECOF itself has not contradicted this jurisdictional allegation.

Therefore, good cause exists to extend the 120 period.

Even if good cause were lacking, there is no indication that the delay was caused by plaintiff herself (as opposed to her attorney) or that the delay was caused by intentional or contumacious conduct. *See Millan, supra*. Moreover, ECOF has not demonstrated any cognizable prejudice by a two month extension of Rule 4(m)'s 120 day initial service period. In its motion, ECOF made the unsupported assertion that its "ability to prepare a defense to this suit was hindered by the time lag between the original Petition and service of the Third Supplemental and Amending Complaint." (Def. Memo., pgs. 11-12). However, ECOF did not explain or adduce evidence to establish how the additional period between the first and third amended complaints prejudiced its defense, or how it will be prejudiced by allowing two additional months on top of the 120 initial Rule 4(m) notice period from the Third Supplemental and Amending Complaint. Indeed, once ECOF appeared in this matter, the court granted its motion to continue the trial date and all pretrial deadlines to afford ECOF the opportunity to conduct discovery, prepare its defense, and to file dispositive motions. (M/Continue [doc. # 140]). Rather than using this time to prepare and file a dispositive motion that addressed the merits of plaintiff's claims, ECOF opted to bide its time until all other defendants had been dismissed (or were in the process of being dismissed)[21] to ensure that their continued presence would not thwart a summary judgment on the basis of prescription. While such tactics may once have been

---

[21] Counsel for ECOF filed a motion for summary judgment on behalf of defendant, Turner Machine Co. [doc. # 159], and has now filed a motion to dismiss on behalf of Electric Furnace Co. [doc.# 182].

commonplace, the law has since evolved beyond a transparent game of "gotcha."[22]

In addition to the timely notice that ECOF received in November 2008 via service of the Third Supplemental and Amending Complaint, the record further suggests that notice may be imputed to ECOF as of June 16, 2008, when defendants, Electric Furnace Co. and Turner Machine Co. were served with the First Supplemental and Amending Complaint. Notice is inferred when there is an identity of interest between the original defendant and the defendant sought to be added. *Jacobsen*, 133 F.3d at 320 (citation omitted). "'Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'" *Id*. (citation omitted). Notice may be imputed to the new party through shared counsel. *Id*.

Here, of course, ECOF and Turner Machine Co. share the same counsel. Moreover, there is record evidence that defendant, Electric Furnace Co. is now ECOF and that it acquired defendant, Turner Machine Company. (Affidavit of Roy Page; Exh. C [doc. # 110-3]). In other words, ECOF is the successor in interest to one or more of the defendants that plaintiff timely joined via the First Supplemental and Amending Complaint. At a minimum, these circumstances would permit the Third Supplemental and Amending Complaint to relate back under Louisiana law. *See Findley, supra*. The same result obtains under Rule 15(c)(1)(C):

> [i]dentity of interest also has been found between past and present forms of the same enterprise. This typically occurs when plaintiff is unaware of a corporate merger or dissolution and names the nonexistent entity rather than the one actively

---

[22] "While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period." *Findley, supra* (citations omitted). Indeed, "[l]aw is not a game of scrabble." *Hensgens, supra*.

> conducting the business. Since plaintiff's intentions clearly were to sue the
> existing corporation, an amendment correcting the misnomer will relate back as
> long as the intended defendant received notice.

6 A. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1499 at 150 (1990 & Supp. 2009) (footnote omitted).

While ECOF now suggests that service of process was not perfected against Electric Furnace Co. and Turner Machine Co., it has not adduced any evidence to establish that it did not receive notice of the suit until it was served in November 2008.

## II.     Mistake (15(c)(1)(C)(ii))

Finally, the court must determine whether ECOF knew or should have known that the action would have been brought against it, but for the plaintiff's *mistake* concerning the proper party's identity. FED. R. CIV. P. 15(c)(1)(C)(ii). Certainly, by the time ECOF received the Third Supplemental and Amending Complaint when read in conjunction with the First Supplemental and Amending Complaint, it should have been able to divine that plaintiff intended to sue the party believed to be liable for any manufacturing defects in the subject rotary straightener machine, i.e. ECOF. Nonetheless, ECOF maintains that Carr did not make a Rule 15 "mistake" regarding the identity of ECOF in her original and First Supplemental and Amending Complaint.

In *Jacobsen*, the seminal case on Rule 15 in this circuit, the court distinguished between "mistake," as required by the Rule, and "not being able to identify," which is insufficient for Rule 15(c)(1)(C)(ii) purposes. 133 F.3d at 320-21. *Jacobsen* contains an example of what the court labeled as "not being able to identify." In *Jacobsen*, the plaintiff filed suit under 42 U.S.C. § 1983. 133 F.3d at 317. One of the defendants named in the suit was "Deputy John Doe, an unnamed deputy employed by the Orleans Parish Criminal Sheriff . . ." *Id.* Clearly, a plaintiff sues a "John Doe" defendant, not due to a mistake, but due to a lack of knowledge as to the

16

proper defendant's identity. *See id.* at 320-21. In other words, the plaintiff in *Jacobsen* did not mistakenly believe that the deputy he wanted to sue was named John Doe; he used "John Doe" to signify that he did not know who the defendant was. *Id.* Accordingly, the *Jacobsen* court held that Rule 15 would not allow relation back. *Id.* at 321.

*Jacobsen* also contains an example of a Rule 15"mistake." In *Jacobsen*, the plaintiff had also filed suit against "New Orleans Police Officer Osborne," alleging wrongful arrest. *Id.* at 317. The plaintiff had learned Osborne's name from the arrest records and another defendant's interrogatory answer. *Id.* at 317-18. Consequently, the plaintiff concluded that Osborne was the arresting officer. *Id.* at 317. Osborne moved to dismiss on the basis that he was not in fact the arresting officer. *Id.* It turned out that Osborne had been the transporting officer only. *Id.* at 317-18.

Subsequently, the plaintiff sought to amend in order to substitute the person who had actually been the arresting officer. *Id.* The *Jacobsen* court held that this was "exactly the situation at which Rule 15(c) is aimed: the misidentification of a defendant . . ." *Id.* at 320. As the *Jacobsen* court explained, Rule 15 "'is meant to allow an amendment changing the name of a party to relate back . . . [when] the change is the result of an error, such as a misnomer or misidentification.' " 133 F.3d at 320 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)).

Here, Carr made a mistake akin to that made by the *Jacobsen* plaintiff who sued Officer Osborne. She intended to sue the manufacturer of the rotary straightener machine, but instead named various entities and spinoffs of the original manufacturer which either no longer exist, or did not retain responsibility for manufacturing defects. Plaintiff always intended to sue the

17

manufacturer, just as the *Jacobsen* plaintiff always intended to sue his arresting officer. Thus, ECOF is not a completely new defendant. *See Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 411-412 (6th Cir. 1982) (naming a successor in interest of an alleged manufacturer of defective machinery is a pleading mistake that relates back under Rule 15). As Rule 15 is not meant to allow defendants to defeat actions based on "defect[s] such as a misnomer or misidentification," the plaintiff's Third Supplemental and Amending Complaint should relate back pursuant to Rule 15. *See* FED. R. CIV. P. 15, Advisory Committee Notes (1991 Amendment); *see also Goubert v. Terrebonne Parish Consol. Gov't*, No. 04-2062, 2006 WL 2425345, at *4 (E.D. La. Aug. 21, 2006) ("Rule 15(c) . . . applies when plaintiff is simply mistaken as to the parties' names.").

For the foregoing reasons, the undersigned finds that defendant, ECOF, has not established that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. Accordingly,

**IT IS RECOMMENDED** that the motion for summary judgment [doc. # 167] filed by defendant, ECOF, Inc., be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day August 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE