# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| MARIAN CARR | * | CIVIL ACTION NO. 08-0326 |
| --- | --- | --- |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SPHERION, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss [doc. # 182] filed by defendant, ECOF, Inc., on behalf of co-defendant, Electric Furnace Company. The district court referred the motion to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A). For reasons assigned below, it is recommended that the motion be **GRANTED**.

## Background[1]

On May 16, 2007, plaintiff Marian Carr injured her left hand while operating a rotary straightener machine during the course and scope of her employment. On May 16, 2008, she sought recovery for her resulting damages under the Louisiana Products Liability Act ("LPLA") against several parties believed to be the manufacturer of the subject machine, including Electric Furnace Company; Mackintosh-Hemphill, A Division of E.W. Bliss Company; E.W. Bliss Company; Turner Machine Company; and Turner Machine Company, Inc. *See*, 1st Suppl. &

---

[1] On several occasions, this court has recited the increasingly convoluted procedural history of this case. For purposes of the instant motion, the discussion of background facts will be limited to the remaining parties and claims.

Amend. Compl. [doc. # 25].[2]

On July 28, 2008, plaintiff filed a Second Supplemental and Amending Complaint in an attempt to remedy deficient jurisdictional allegations, and in so doing, conceded that defendant, Electric Furnace Company was no longer in business. (2nd Suppl. & Amend. Compl. [doc. # 61]).[3] Also on, or about July 28, 2008, Carr further amended her complaint to join defendant, ECOF, Inc. ("ECOF"). (Pl. 3rd Suppl. & Amend. Compl. [doc. # 63]). She reasserted all prior allegations and claims made against the other defendants in her previous complaints – against ECOF, and further alleged that ECOF was "the latest acquirer or buyer of all prior defendants who manufactured the machine herein involved in this accident." *Id*. Through motion practice and attrition, all defendants, save ECOF and Electric Furnace Company, have been dismissed from the case.

On June 27, 2008, Carr filed a copy of a certified mail receipt indicating that she had served Electric Furnace Co, via Michael A. Ogline in Alliance, Ohio. (doc. # 30, pgs. 4-5). Nonetheless, on February 23, 2009, the Clerk of Court issued a notice of intent to dismiss defendants, Mackintosh-Hemphill, E.W. Bliss Co., and Electric Furnace Company, due to plaintiff's perceived failure to perfect service against said defendants. (Notice of Intent to Dismiss [doc. # 146]). Plaintiff, who by then was acting pro se, obtained extensions of time until

---

[2] Specifically, Carr alleged that Electric Furnace Company "manufactured, designed and placed into the stream of commerce the unsafe machine that she was working on and that caused this accident." *Id.* at ¶ IA. Carr further alleges that Electric Furnace Company violated the LPLA and failed to "place a guard on the machine to prevent this type of accident from occurring and failed to give proper warning and instructions necessary" to prevent her accident. *Id.*

[3] On August 15, 2008, removing defendants filed an amended notice of removal wherein they recited that Mackintosh-Hemphill, E.W. Bliss Company and Electric Furnace Company were no longer in business, and thus had not been served. (Amend. Notice of Removal, ¶ VII).

June 22, 2009, to serve these defendants. [*See* doc. #s 153 & 155].

On June 16, 2009, plaintiff filed a Joint/Voluntary Motion to dismiss defendants, Mackintosh-Hemphill and E.W. Bliss Company, (styled as "Requesting Motion to Amend Complaint"). [doc. #164]. However, plaintiff represented that she had effected service of process upon ECOF "aka (Electric Furnace Co.)." *Id*. On June 17, 2009, the court granted plaintiff's motion, and dismissed Mackintosh-Hemphill and E.W. Bliss Company from the case. (Judgment [doc. # 165]).

In an effort to shore up its own motion for summary judgment on prescription,[4] ECOF filed the instant motion to dismiss co-defendant, Electric Furnace Company, essentially on the basis of insufficient process/insufficient service of process, thus warranting dismissal due to plaintiff's failure to timely perfect service. (M/Dismiss [doc. # 182]). On August 17, 2009, the undersigned remarked that the docket sheet indicated that plaintiff had served Electric Furnace Company, via its purported agent for service of process, Michael Ogline. (Report and Recommendation [doc. # 185]). However, the undersigned acknowledged that ECOF had challenged the sufficiency of the service of process against Electric Furnace Company, via the instant motion. *Id*. The undersigned further stated that ECOF's motion was the first confirmation that the attempted service upon Electric Furnace Company was insufficient, and that plaintiff may be entitled to further her service efforts against Electric Furnace Company "*if she has a viable hope of doing so.*" *Id*. (emphasis added).

On August 25, 2009, plaintiff objected to ECOF's motion to dismiss Electric Furnace

---

[4] Plaintiff's claims against Electric Furnace Company serve to interrupt prescription against ECOF as long as the Electric Furnace Company remains in the case. (*See* August 17, 2009, Report and Recommendation [doc. # 185]).

3

Company on the mistaken impression that the undersigned had resolved the motion to dismiss in the report and recommendation addressing ECOF's motion for summary judgment. (*See* doc. #s 195 & 198). On September 2, 2009, ECOF filed a reply memorandum, and attached thereto records from the Ohio Secretary of State identifying the entities that Michael A. Ogline represents as agent of record. (Reply Brief, Exh. A [doc. # 208]).[5] Briefing is complete; the matter is now before the court.

## Analysis

### I. Insufficient Process/Service of Process

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citations omitted). In support of its motion to dismiss Electric Furnace Company, ECOF has adduced uncontroverted evidence that Michael A. Ogline was not Electric Furnace Company's designated agent for service of process. (Reply Brief, Exh. A [doc. # 208]). Indeed, Ogline resides in a different city than Electric Furnace Company's purported principal place of business.[6]

The summons for Electric Furnace Company states that plaintiff intended to serve Electric Furnace Company through the Louisiana Long Arm Statute. (Summons [doc. # 30]). However, under the Louisiana Long Arm Statute, if the summons and complaint are sent by mail,

---

[5] None of the entities include Electric Furnace Company. *Id*.

[6] In her Second Supplemental and Amending Complaint, plaintiff alleged that Electric Furnace Company's principal place of business was in Salem, Ohio. (2nd Suppl. & Amend. Compl. [doc. # 61]. The summons for Electric Furnace Company was addressed to Michael A. Ogline in Alliance, Ohio. (doc. # 30, pg. 4).

4

then "notice must be received by defendant or by a person authorized to receive mail on his behalf." *Administrators of Tulane Educational Fund v. Ortego*, 475 So.2d 764 (La. 1985). In response to ECOF's challenge, Carr has not presented any evidence to establish that Electric Furnace Company actually received notice of the complaint or that Ogline was authorized to receive mail on behalf of Electric Furnace Company. Attempted service upon someone who is not the defendant, who is not the defendant's agent for service of process, and who resides at an address not connected to defendant, does not suffice to meet the requirements for service under the Long Arm Statute. *Barnett Marine, Inc. v. Van Den Adel*, 694 So.2d 453, 457 (La. App. 5th Cir. 1997).

Finally, the undersigned emphasizes that on more than one occasion, plaintiff has indicated that Electric Furnace Company no longer exists under that name. (*See* doc. #s 61, 164). Of course, process directed at a non-existent entity is void. *International Fire and Safety, Inc. v. HC Services, Inc.*, 2006 WL 2403496 (S.D. Miss. Aug. 18, 2006) (Starrett, J.). "'If a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void ab initio and ... there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process.'" *Id*. (citations omitted).

## II. Dismissal or Extension of Time to Serve?

"'The court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow plaintiff another opportunity to serve defendant.'" *International Fire &*

*Safety, Inc., supra* (quoting 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1354). However, as pointed out by ECOF and the notices of intent to dismiss, Rule 4(m) authorizes an initial 120 days for plaintiff to perfect service against a defendant before risking dismissal. Fed.R.Civ.P. 4(m). If a plaintiff is able to establish good cause for not serving the defendant within the 120 day initial period, then the court must extend the time for service. *Id.*; *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). Also, even in the absence of good cause, "the plain language of rule 4(m)" confers the courts with discretionary authority to extend the time for service. *Millan, supra*; *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).[7]

Had plaintiff demonstrated a realistic possibility of properly effecting service upon Electric Furnace Company, then the court would have been inclined to afford her yet another opportunity to accomplish same. However, when, as here, plaintiff has been afforded several opportunities to perfect service upon Electric Furnace Company, but has conceded that the company no longer exists, and instead contends that ECOF is known as Electric Furnace

---

[7] The advisory committee's notes to Rule 4(m) state that a court may "relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." FED. R. CIV. P. 4, Advisory Committee Notes (1993 Amendment).

The Fifth Circuit has indicated that "[a] discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan, supra* (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993)). If the applicable statute of limitations likely bars future litigation, then a district court has limited discretion to deny an extension of time to perfect service. *See Millan, supra*. Under these circumstances, what would essentially be a dismissal with prejudice is warranted only where there is a "a clear record of delay or contumacious conduct by the plaintiff" or when at least one of three aggravating factors is present, "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan, supra* (citation omitted).

Company, it is manifest that any further extensions to serve Electric Furnace Company would prove futile. Accordingly, dismissal is warranted. *See International Fire & Safety, Inc., supra* (proper relief for a non-existent entity is dismissal).[8]

For the foregoing reasons,

**IT IS RECOMMENDED** that ECOF, Inc.'s motion to dismiss defendant, Electric Furnace Company [doc. # 182] be **GRANTED**, and that plaintiff's claims against defendant, Electric Furnace Company, be **DISMISSED**, without prejudice. Fed.R.Civ.P. 12(b)(4) &(5), 4(m).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[8] Moreover, dismissal of Electric Furnace Company may ultimately inure to plaintiff's benefit by helping to demonstrate that she intended to sue the entity responsible for Electric Furnace Company's liabilities, i.e. that she made a "mistake" as contemplated under Rule 15(1)(C)(ii). (*See* Report and Recommendation and Objections thereto [doc. #s 185 & 203]).

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 9th day of September 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE