RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _9/22/09_
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARION CARR | CIVIL ACTION NO. 08-0326 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PLYMOUTH TUBE CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is Defendant ECOF, Inc.'s ("ECOF") Second Motion in Limine. [Doc. No. 193]. ECOF seeks an order precluding *pro se* Plaintiff Marian Carr ("Carr") from introducing or referencing at trial, for any purpose, the affidavit of Roy Page ("the affidavit").

Carr intends to introduce the affidavit at trial to establish that "ECOF acquired Turner Machine Company." [Doc. No. 193, Exhibit A]. Introducing or referencing the affidavit for this purpose is inadmissible hearsay. FED. R. EVID. 801-802. The content of the affidavit is offered to prove the truth of the matter asserted, that "ECOF acquired Turner Machine Company." In Carr's Response to the Motion in Limine [Doc. No. 206], she does not assert that the affidavit satisfies any of the enumerated or residual hearsay exceptions. *See* FED. R. EVID. 803-804, 807.

ECOF, however, seeks to preclude Carr from introducing or referencing the affidavit *for any purpose*. ECOF's request is too broad. Carr could introduce or refer to the affidavit to prove something other than the truth of the matter asserted in the affidavit.

ECOF's Second Motion in Limine is GRANTED IN PART, to the extent that Carr intends to introduce or refer to the affidavit at trial to establish that "ECOF acquired Turner Machine Company," and DENIED IN PART, to the extent that Carr intends to introduce or refer to the affidavit to prove a matter other than the truth of the matter asserted.

MONROE, LOUISIANA, this 21 day of September, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE