RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARION CARR | CIVIL ACTION NO. 08-0326 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SPHERION, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is Defendant ECOF, Inc.'s ("ECOF") First Motion in Limine. [Doc. No. 191]. ECOF seeks an order precluding *pro se* Plaintiff Marian Carr ("Carr") from introducing evidence concerning post-accident remedial measures for the purpose of establishing a design defect in a rotary tube straightener machine ("the machine") and a failure to warn.

On May 16, 2007, Carr injured her hands and fingers when using the machine during her employment with the Plymouth Tube Company ("Plymouth"). Following the accident, Plymouth performed an investigation and prepared an accident report. *See* [Doc. No. 191-2]. Carr is suing ECOF under the Louisiana Products Liability Act §§ 2800.54, 2800.56, and 2800.57 as an alleged manufacturer, designer, or company that placed the machine in the stream of commerce. Carr alleges that ECOF failed to place a guard on the machine (a design defect) and failed to give an adequate warning.

Carr intends to introduce photographs of the machine taken at an unknown time and portions of the accident report for the purpose of establishing her design defect and failure to warn claims. *See* [Doc. No. 205]. Portions of the accident report list several post-accident steps taken by Plymouth to prevent or reduce the risk of similar accidents in the future. They include adding a guard to the machine, adding a bar with a safety stop switch, and revising company policies

regarding employee training. Although the Court has not been provided copies of the photographs, some presumably include such additions to the machine.

FED. R. EVID. 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Plymouth does not dispute ownership or control of the machine and ECOF does not contend that adding a guard or a warning was not feasible. Therefore, Carr cannot offer those portions of the accident report that list post-accident remedial measures taken by Plymouth and photographs that evince those measures to establish a design defect or a failure to warn.

Accordingly, ECOF's First Motion in Limine is GRANTED. Carr is prohibited from introducing evidence, photographs, or testimony concerning post-accident remedial measures taken by Plymouth.[1] Furthermore, the parties are to instruct their witnesses not to refer to Plymouth's post-accident remedial measures in the presence of the jury.

MONROE, LOUISIANA, this __3__ day of November, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Because evidence of Plymouth's post-accident remedial measures are barred by FED. R. EVID. 407, the Court need not address whether such evidence is admissible under FED. R. EVID. 401, 402, or 403.

2